## Lander et ux. v. Mortgage Union of Penn.

(Decided June 19, 1934.)

JOSEPH J. HANCOCK and MICHAEL M. HELLMAN for appellants.

WILLIAM A. PERRY, L. S. GRAUMAN, and M. B. PFEFFER for appellee.

94

On May 6, 1929, Joseph Lander and his wife, Sarah, executed and delivered to the Real Estate & Mortgage Company of Louisville their promissory note for $1,500, payable in weekly installments of $3.75 each, and secured the note by a mortgage on certain real estate located on Walnut street in the city of Louisville. Thereafter the note and mortgage were assigned to the Mortgage Union of Penn, a Delaware corporation. Default having been made in the payment of the weekly installments, the Mortgage Union of Penn brought suit to recover on the note and enforce the mortgage lien. Judgment was entered, sale was had, and, their motion for a new trial having been overruled, the Landers appeal.

During the progress of the action it was discovered that the judgment book containing the judgment had not been signed, and, on motion of appellee, the judgment book was signed by Judge Marshall. The point is made that Judge Marshall was without authority to sign the orders on the ground that he was not the successor of Judge Mapother, who signed and entered the judgment. The case was pending in the Jefferson circuit court, Chancery branch, First division. Judge Barrett, who had been judge of that division, had died. When the judgment was signed and entered by Judge Mapother he was the presiding judge of that court. On his appointment, Judge Marshall became the presiding judge. On assuming his duties, he not only succeeded Judge Barrett, but in the handling of this case he took the place of Judge Mapother. We are therefore constrained to hold that as to this case Judge Marshall was the successor of Judge Mapother within the meaning of section 977, Kentucky Statutes, and had authority to sign the judgment book.

Within fifteen days after the judgment book was signed by Judge Marshall the Landers made a motion for a new trial. It is insisted that the motion was in time and should have prevailed. The argument is that, as a judgment is not rendered for the purpose of appeal until the order book is signed, the same rule should apply to a motion for a new trial. In view of the conclusion of the court, we deem it unnecessary to pass on this question. As grounds for a new trial appellant filed with the motion a petition for a new trial under section 518, Civil Code of Practice, which it had filed in

a separate action. While the petition alleged fraud in the original transaction, the only fraud relied on in obtaining the judgment is that the case was not properly set at rules at the time the judgment was rendered. The facts are: Suit was filed April 9, 1931. Process was issued April 14th and executed May 14th. On June 3d the Mortgage Union of Penn, a nonresident, executed bond for costs. On June 8th the action was set at rules. On June 13th the action was called on the regular joint session docket. Appellee filed certain exhibits, and appellants made a motion for bond for costs. The case was then passed to June 18th for hearing. Appellants did not appear and the case was then passed to June 23d for a hearing. Appellants did not appear on that day, and the cause was submitted for judgment. Not only was the motion for a bond for costs of a dilatory character, but the bond had been executed before the motion was filed. On the day the motion was made, the case was passed to June 18th for a hearing. On that day it was again passed until June 23d for a hearing. On neither occasion was it passed for a hearing on the motion, but was passed generally for a hearing. In view of this situation we are not inclined to hold that the mere making of a motion, which had been complied with before the motion was made, had the effect of striking the case from the trial docket, or of requiring it again to be set at rules. On the contrary, we conclude that the practice was not irregular and did not operate as a fraud on appellants' rights. It follows that the motion for a new trial, even if filed in time, was properly overruled.

Judgment affirmed.